United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

v.

D-1 Bharath Kakireddy,

    Defendant.

Criminal No. 19-cr-20026

Hon. Gershwin A. Drain

---

**Preliminary Order of Forfeiture**

---

Based on the Indictment, the Forfeiture Bill of Particulars, the Second Forfeiture Bill of Particulars, Defendant's guilty plea, the record from the plea hearing, the United States' Application for Entry of Preliminary Order of Forfeiture, and other information in the record, and pursuant to 18 U.S.C. § 982(a)(6) and 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), **IT IS HEREBY ORDERED AND ADJUDGED THAT**:

Defendant Bharath Kakireddy ("Defendant") shall forfeit to the United States any property involved in his violation of Count One of the Indictment in violation of 18 U.S.C. § 371 pursuant to 18 U.S.C. § 982(a)(6) and/or 18 U.S.C. § 981(a)(1)(C), together with 28 U.S.C. § 2461(c).

Defendant shall forfeit to the United States Forty-five dollars and ten cents ($45.10) U.S. Currency seized from Bank of America Account Number XXXXXXXX0175 in the name of Bharath Kakireddy. (Hereinafter "Subject Property.)

A forfeiture money judgment is granted and entered against Defendant in favor of the United States in the amount of $32,454.90, which is an amount that constitutes, or was derived from, gross proceeds obtained, directly or indirectly, from Defendant Kakireddy's violation of Count One of the Indictment.

The money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of Defendant. To satisfy the money judgment, any assets that Defendant has now, or may later acquire, may be forfeited as substitute assets under 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), up to the value of the forfeitable property.

Pursuant to 18 U.S.C. § 982(a)(6) and 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), the Subject Property **IS FORFEITED** to the United States for disposition according to law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors, or assigns have, or may have, in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

THIS COURT FURTHER ORDERS that upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

Specifically, upon entry of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days.  The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. Said notice shall direct that any person, other than Defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury, and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any identified items of Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of

the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

THIS COURT FURTHER ORDERS that after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

THIS COURT FURTHER ORDERS that this Preliminary Order of Forfeiture shall become final as to Defendant at sentencing and forfeiture of the Subject Property shall be made part of Defendant's sentence and included in his Judgment.

THIS COURT FURTHER ORDERS that if no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall automatically become the Final Order of Forfeiture in this action. If one or more third parties file timely petition(s) for the Subject Property, the Court shall enter an Amended Order of Forfeiture that

addresses the disposition of the third party petition(s) as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

THIS COURT FURTHER ORDERS that when this Order or an Amended Order becomes final as to all parties, the United States shall have clear title to the Subject Property as provided under 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2) and shall be authorized to dispose of the Subject Property as prescribed by law.

THIS COURT FURTHER ORDERS that it retains jurisdiction to enforce this Preliminary Order of Forfeiture and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

Dated: August 21, 2019         s/Gershwin A. Drain
                               HONORABLE GERSHWIN A. DRAIN
                               United States District Court Judge